# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ADAM S. MARTUSHOFF, | CASE NO. C18-1870 RSM |
| Plaintiff, | ORDER GRANTING REQUEST FOR SERVICE AND DENYING APPLICATION FOR COUNSEL |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Request for Service of Summons (Dkt. #4) and Application for Court-Appointed Counsel (Dkt. #5). Plaintiff was granted leave to proceed *in forma pauperis* in this matter and subsequently filed his complaint. Dkts. #2 and #3. Plaintiff contemporaneously filed the two motions pending before the Court. Dkts. #4 and #5. Quickly thereafter, Plaintiff filed an Amended Complaint and an Amended Summons. Dkts. #7 and #8-1. Summonses have not been issued.

**A. Requests for Service of Summons**

Federal Rule of Civil Procedure 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

ORDER – 1

This Rule allows the Court to order service by U.S. Marshal, when requested, and mandates service for *in forma pauperis* prisoner plaintiffs proceeding under 28 U.S.C. § 1915. Although Plaintiff was granted leave to proceed *in forma pauperis* in this Court, he is not a prisoner. Thus, service by U.S. Marshal is not mandated. Nevertheless, the Court recognizes that Plaintiff has limited means and that assistance in serving this matter is warranted. Plaintiff has also provided sufficient information to effect service of the Summons and Complaint. *See* Dkt. #8-1. Accordingly, the Court grants Plaintiff's motion for service by U.S. Marshal.

**B. Application for Court-Appointed Counsel**

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

Plaintiff's complaint centers around a law enforcement investigation into false allegations that he neglected and abused his children. Dkt. #7 at 47–51. Plaintiff maintains that the criminal investigation was improperly conducted and included falsified evidence and police reports. *Id.* at 51–53. This appears to have resulted in criminal proceedings and the investigation appears to have served as the basis for civil proceedings denying Plaintiff the right to see or interact with

his children. *See generally*, *id.* Plaintiff seeks a variety of injunctive relief and monetary damages. *Id.*

The Court, on the limited record before it, is not yet able to determine whether Plaintiff may be entitled to appointment of counsel. Plaintiff's allegations appear to demonstrate significant harm, yet the Court cannot adequately weigh the merits of Plaintiff's claims. Plaintiff also appears able to adequately articulate his claims as they are not overly complex. At this stage in the litigation, the Court does not find that this is one of the exceptional cases in which the Court should appoint counsel.

Accordingly, having considered Plaintiff's motions and the relevant record, the Court finds and ORDERS that:

1. Plaintiff's Request for Service of Summons (Dkt. #4) is GRANTED.
   a. Within one week of this Order, the Clerk SHALL issue Summonses for Defendants as identified in Plaintiff's amended Summons In A Civil Case (Dkt. #8-1).
   b. Within one week of this Order, the Clerk SHALL assemble the necessary documents to effect service, including:
      i. a copy of this Order;
      ii. a copy of the Amended Complaint for Civil Case for Violations of Civil Rights & Request for Injunctive Relief (Dkt. #7);
      iii. a copy of the Summons;
      iv. two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons;
      v. a Waiver of Service of Summons; and
      vi. a return envelope, postage prepaid, addressed to the Clerk's Office.

c. The United States Marshal SHALL send the assembled documents to Defendants by first class mail.

d. All costs of service SHALL be advanced by the United States.

e. Defendants SHALL have thirty (30) days within which to return the Waiver of Service of Summons. If a Defendant timely returns the signed Waiver, it shall have sixty (60) days after the date designated on the Notice of Lawsuit to file and serve an Answer or a motion directed to the Complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure. If a Defendant fails to timely return the signed Waiver, it will be personally served with a Summons and Complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A Defendant who has been personally served shall file an Answer or motion permitted under Rule 12 within twenty-one (21) days after service.

2. Plaintiff's Application for Court-Appointed Counsel (Dkt. #5) is DENIED without prejudice. This Order does not preclude Plaintiff from re-filing a motion to appoint counsel once a factual record pertaining to his claims has been more fully developed.

Dated this 24th day of January 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE