UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAM MARTUSHOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THERESA LUVERA, et al.,<br><br>Defendants. | CASE NO. C18-1870-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT AND ORDERING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff's Motion to Amend and Supplement Complaint. Dkt. #52. For the reasons set forth below, Plaintiff's Motion is DENIED.

## I.     BACKGROUND

On December 27, 2018, Plaintiff Adam Martushoff, appearing *pro se*, filed this action under 42 U.S.C. § 1983. Dkt. #1. Plaintiff then filed an amended complaint on January 2, 2019, which serves as the current complaint in this case. Dkt. #7. Plaintiff's complaint alleges civil rights violations by the State of Washington and various state agencies resulting from a law enforcement investigation into allegations that Plaintiff neglected and abused his children. Dkt.

#7 at 47–51. Plaintiff claims that the criminal investigation was conducted improperly and included falsified evidence, *id.* at 51–53, and that the criminal proceedings and investigation served as the basis for civil proceedings wherein Plaintiff was denied the right to see or interact with his children. *See generally, id.* Plaintiff seeks a variety of injunctive relief and monetary damages.

Since filing the First Amended Complaint, Plaintiff has moved to amend and supplement his complaint several times to revise his legal claims and change the listed defendants. *See, e.g.*, Dkts. #21, #45, #49. Prior to the Court ruling on these motions, Plaintiff terminated or withdrew his motion to amend. *See, e.g.*, Dkt. #24, #46, #50. On March 25, 2019, Plaintiff filed the current Motion to Amend and Supplement Complaint. Dkt. #52. In support of this Motion, Plaintiff attached a proposed Second Amended Complaint totaling 137 pages. *See id.*, Ex. A. On April 8, 2019, Defendants filed their Response opposing Plaintiff's Motion. Dkt. #57.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the

court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court acknowledges that, by nature of his *pro se* appearance, Plaintiff should be afforded "the benefit of any doubt" with respect to compliance with local and federal civil procedure. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). *Cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**B. Plaintiff's Motion to Amend and Supplement**

Even construing Plaintiff's pleadings liberally, the Court finds that granting Plaintiff's Motion to Amend and Supplement, Dkt. #52, would impose undue prejudice on Defendants. Defendants oppose Plaintiff's Motion partly because Plaintiff failed to comply with Local Rule 15, which requires a party moving to amend a pleading to indicate how the proposed pleading differs from the original, either by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. *See* Local Rules W.D. Wash. LCR 15. Although Plaintiff's Motion fails to comply with these requirements, *see* Dkt. #52, Ex. A, his addition of

nearly seventy pages of text in the proposed amended complaint diminishes the usefulness of this rule. *See* Dkt. #58 at 2.

The more fundamental flaw of Plaintiff's proposed amended complaint is its violation of Rule 8. This rule requires a pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The Court agrees with Defendants that both Plaintiff's original and proposed amended complaints fail to comply with Fed. R. Civ. P. 8. *See* Dkt. #57 at 3.

Although courts must construe a *pro se* plaintiff's pleadings liberally, a plaintiff must nevertheless allege a minimum factual and legal basis for each claim so that defendants are given fair notice of the plaintiff's claims and the grounds upon which they rest. *See Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). A complaint that does not clearly and concisely describe the factual allegations nor provide defendants with notice of who is being sued on which theory, violates Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). For example, a properly plead federal civil rights claim would specify each defendant, set forth a short and plain statement of each claim showing that a specific defendant took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation.

After careful review of Plaintiff's current amended complaint and proposed second amended complaint, the Court finds that both fail to comply with Rule 8. With respect to defendant Theresa Luvera, both complaints allege that Defendant "failed to follow law enforcement protocols and training" including "failure to question witnesses, failure to weigh evidence, failure to investigate evidentiary leads, etc." and that Defendant failed to act upon evidence that Plaintiff's children were in imminent danger of neglect and psychosexual abuse. Dkt. #7 at 7; Dkt. #52, Ex. A at 18. For the remaining defendants, Plaintiff alleges a general claim throughout both complaints that various defendants were "informed of" and "given direct evidence" of criminal activities conducted by Detective Luvera. *See, e.g.*, Dkt. #7 at 11, 21; Dkt. #52, Ex. A at 31, 38, 55. Each of Plaintiff's general assertions is followed by a conclusory statement that the named defendant is legally culpable or legally liable.

Plaintiff's proposed amended complaint adds more detail that defendant Luvera allowed the criminal investigation of Plaintiff to continue despite "material evidence" showing his innocence and that love, affection, companionship, comfort and society existed between Plaintiff and his children. Dkt. #52, Ex. A at 17-18. Even with this additional information, the conclusory language in both versions of Plaintiff's complaint make it challenging to understand the underlying facts of Plaintiff's claims. Plaintiff's <u>Statement of Claim</u> section, *id.* at 81-83, provides a useful starting point for the factual basis of Plaintiff's claims by describing various witness statements and medical records collected in relation to a Child Protective Services investigation. However, a complaint properly plead under Rule 8 must make clear connections between specific allegations and individual defendants—here, how these alleged facts are

ORDER DENYING PLAINTIFF'S MOTION TO
AMEND AND SUPPLEMENT COMPLAINT
AND ORDERING PLAINTIFF TO FILE
SECOND AMENDED COMPLAINT
PAGE - 5

connected to the acts or omissions by defendant Luvera and the other listed defendants. *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996).

Moreover, the factual details of Plaintiff's claims are buried among pages of information irrelevant to the claims at issue in this case, such as historical instances of outrageous conduct by the State of Washington and past misconduct by defendants that is unrelated to Plaintiff's claims. *See* Dkt. #52, Ex. A at 1-6. The sheer length of Plaintiff's pleadings alone—63 pages and 137 pages, respectively—could arguably violate Rule 8. *See Schmidt v. Herrmann,* 614 F.2d 1221, 1224 (9th Cir.1980) (upholding a Rule 8(a) dismissal of 30-page complaint that was "confusing, distracting, ambiguous, and unintelligible"); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir.1981) (upholding Rule 8(a) dismissal of 48-page complaint that was excessively "verbose, confusing and almost entirely conclusory"); *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 415 (9th Cir.1985) (Rule 8(a) dismissal of complaint exceeding 70 pages that was "confusing and conclusory").

For these reasons, even under a liberal construction of these claims for a *pro se* litigant, the Court finds that both of Plaintiff's pleadings violate Rule 8. Granting Plaintiff's Motion would therefore unduly burden Defendants due to the time and effort required to parse Plaintiff's legal claims and arguments. For the foregoing reasons, the Court DENIES Plaintiff's Motion to Amend, Dkt. #52.

**C. Requested Relief**

Upon finding that Plaintiff's current complaint violates Rule 8, the Court considers Defendant's request that the Court order Plaintiff to replead his current complaint filed on January 2, 2019 and answered by Defendants on April 8, 2019. Dkt. #57 at 3. While the Court

agrees that a repleaded complaint will clarify the facts and arguments at issue, judicial efficiency and the substantial interests of justice favor allowing Plaintiff to replead a Second Amended Complaint to address the deficiencies he already identified in his current pleading—specifically, substituting or terminating certain defendants, adding new authorities to the Basis of Jurisdiction, and clarifying particular aspects of his Statement of Claim. *See* Dkt. #52 at 1-2.

For the foregoing reasons, the Court finds it appropriate to allow Plaintiff to file a Second Amended Complaint that conforms to the short, concise pleading requirements under Fed. R. Civ. P. 8(a) and (d) while making the changes he has previously attempted to make. This addresses Defendant's need to clearly understand the legal claims and arguments at issue while affording a *pro se* plaintiff the opportunity to amend his original complaint.

In allowing Plaintiff the opportunity to replead a Second Amended Complaint, the Court cautions Plaintiff that his *pro se* appearance only allows him to appear *on his own behalf* in this case. *See* Dkt. #58 at 6 (Plaintiff states he is "acting as pro se counsel" for two additional plaintiffs). To add the claims of additional parties to a complaint, those parties must either seek representation from legal counsel or also appear *pro se*.

Accordingly, the Court DENIES Plaintiff's Motion to Amend and Supplement, Dkt. #52 and ORDERS Plaintiff to file a Second Amended Complaint within twenty-one (21) days that remedies the pleading deficiencies discussed in this Order. If Plaintiff fails to file an amended complaint within twenty-one days, the Court shall dismiss this matter with prejudice.

### III. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff's Motion to Amend and Supplement Complaint, Dkt. #52, is DENIED;

(2) Plaintiff shall file a Second Amended Complaint within **twenty-one (21)** days of the date of this Order that complies Fed. R. Civ. P. 8(a) and 8(d). The Second Amended Complaint should bear the docket number assigned in this case and be labeled "Second Amended Complaint";

(3) Defendants shall respond to Plaintiff's complaint within **twenty-one (21)** days after Plaintiff's Second Amended Complaint is entered on the docket.

DATED this 10 day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE