UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAM MARTUSHOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THERESA LUVERA, *et al.*,<br><br>Defendants. | CASE NO. C18-1870-RSM<br><br>ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on *pro se* Plaintiff Adam Martushoff's Motion for Extension of Time to File a Second Amended Complaint. Dkt. #94. On June 10, 2019, the Court denied Plaintiff's Motion to Amend and Supplement Complaint and ordered Plaintiff to file a Second Amended Complaint within twenty-one (21) days. Dkt. #93. On June 13, 2019, Plaintiff filed the instant Motion to request a time extension until September 13, 2019: ninety-five (95) days from the date of the Court's Order.

Having reviewed the Motion, Defendants' Response, Plaintiff's Reply, and all documents submitted in support thereof, Plaintiff's Motion is PARTIALLY GRANTED. Plaintiff will have **thirty (30) days** from the date of this Order to file a Second Amended Complaint.

ORDER PARTIALLY GRANTING PLAINTIFF'S
MOTION FOR EXTENSION OF TIME
PAGE - 1

Federal Rules of Civil Procedure allow a court to extend the time before a deadline elapses for "good cause." Fed. R. Civ. P. 6(b)(1)(A). Courts recognize "good cause" as a "non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Id.* at 1258-59 (citations omitted). Consequently, requests for extension of time are typically granted "in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

Plaintiff cites several reasons for the requested extension, including academic obligations, recreational and social events, and general difficulty in drafting the amended complaint due to his *pro se* status. *See* Dkt. #94, ¶¶ 3-6. Plaintiff also cites his intent to seek legal assistance in drafting the Second Amended Complaint and requests additional time to save for the costs of hiring counsel. *Id.* at ¶ 7. State Defendants do not oppose a "reasonable continuance" as determined by this Court. Dkt. #97 at 2. However, Defendants object to Plaintiff's requested extension of an additional seventy-four (74) days.

Considering Plaintiff's *pro se* status, the Court will allow Plaintiff an extension of time to file his Second Amended Complaint. *See Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (affording *pro se* plaintiffs "the benefit of any doubt"). However, Plaintiff's *pro se* status does not relieve him from his duty to diligently prosecute this case, and the Court has an independent obligation to manage its own docket through reasonable case management timelines. Plaintiff's stated intent to raise money for legal counsel—nearly sixth months after initiating his case—does

not warrant a time extension until the fall.  Although Plaintiff renews his request for court-appointed counsel, Dkt. #98 at 3, this Court previously dismissed without prejudice Plaintiff's application to appoint counsel.  As noted in the Court's Order, this dismissal does not preclude Plaintiff from re-filing a motion to appoint counsel once a factual record pertaining to his claims has been more fully developed. Dkt. #9.  Given that this matter has not yet progressed past the initial pleadings stage, there has been no significant development of a factual record.  For the foregoing reasons, the Court finds that Plaintiff has not shown good cause to extend the deadline by seventy-four days past the original deadline, which would delay filing of initial pleadings until mid-September.  Accordingly, the Court GRANTS Plaintiff an **additional thirty (30) days** from the date of this Order to file a Second Amended Complaint.

Lastly, while courts may not act as counsel to a *pro se* plaintiff, the Court finds it necessary to clarify its previous Order due to Plaintiff's cited need to "overhaul the entirety of [his] federal complaint" by the Court's deadline. Dkt. #94 at 3.  A complaint that conforms to Federal Rules of Civil Procedure 8(a) and (d) contains "a *short and plain statement* of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a) (emphasis added), with each allegation written in a way that is "simple, concise, and direct." Fed. R. Civ. P. 8(d).  A complaint properly plead under Rule 8 makes clear connections between specific allegations and individual defendants.  Conformity with Rule 8 does not require Plaintiff to expand upon his original pleadings of 63 pages and 137 pages, respectively.  Rather, it requires Plaintiff to file a pleading that is short, plain, and concise, and removes any material unrelated to his specific claims against Defendants.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff's Motion for Extension of Time is PARTIALLY GRANTED. Plaintiff shall file a Second Amended Complaint within **thirty (30)** days from the date of this Order. The Second Amended Complaint should bear the docket number assigned in this case and be labeled "Second Amended Complaint";

(2) Defendants shall respond to Plaintiff's complaint within **twenty-one (21)** days after Plaintiff's Second Amended Complaint is entered on the docket.

DATED this 1 day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE